UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD G. WYLIE,

    Petitioner,

v.                                             CASE NO. 8:05-CV-1874-T-27TBM

STATE OF FLORIDA,

    Respondent.
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se,* initiated this action by filing a Petition for Writ of Habeas Corpus (hereinafter "petition") pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner challenges a 2002 plea-based conviction for two counts of sexual activity with a minor entered by the Sixth Judicial Circuit Court, Pinellas County, Florida. Respondent has filed a response to the petition (Dkt. 12), and Petitioner has filed a reply thereto (Dkt. 19). The matter is now before the Court for consideration on the merits. An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a) (2008).

### Background

On January 14, 2002, Petitioner pled guilty to two counts of unlawful sexual activity with a minor (Dkt. 14, Ex. 1, Vol. II at pg. 321). He was sentenced to five years in prison followed by ten years probation (Id.). Petitioner did not appeal.

On January 6, 2003, Petitioner filed an application for state post-conviction relief pursuant

1

to Fla. R. Crim. P. 3.850 in which he raised four grounds for relief (Dkt. 14, Ex. 1, Vol. I at pgs. 1-175, Vol. II at pgs. 176-316). On February 18, 2003, the state circuit court summarily denied the first two grounds, and directed the State to file a response to the last two grounds (Dkt. 14, Ex. 1, Vol. II at pgs. 317-20). An evidentiary hearing on the remaining two grounds was held on April 26, 2004 (Dkt. 14, Ex. 1, Vol. III at pgs. 419-88). At the conclusion of the evidentiary hearing, the state circuit court denied Petitioner's Rule 3.850 motion (Dkt. 14, Ex. 1, Vol. III at pgs. 398-99; 485-87).

Petitioner appealed the denial of his 3.850 motion. In his initial brief, Petitioner, through counsel, argued that his plea was not knowing and voluntary, and that his attorney's representation was inadequate because he failed to conduct an adequate investigation of his case (Dkt. 14, Ex. 2). On September 2, 2005, the appellate court per curiam affirmed the denial of Petitioner's 3.850 motion (Dkt. 14, Ex. 5); see Wylie v. State, 911 So. 2d 113 (Fla. 2nd DCA 2005)[table]. The appellate court issued its mandate on September 26, 2005 (Dkt. 14, Ex. 6).

Petitioner filed a timely petition for federal habeas relief on October 5, 2005,[1] raising three claims for relief (Dkt. 1).

## Standards of Review

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must

---

[1] Although the Court received Petitioner's petition on October 7, 2005, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). Petitioner executed his petition on October 5, 2004 (Dkt. 1 at 21).

be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). It is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id. Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

**Ineffective Assistance of Counsel Standard**

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland's* two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## Discussion

In his petition, Petitioner raises three grounds for relief:

1. the evidence in his case was unconstitutionally obtained;

2. his plea of guilty was not knowing and voluntary because his counsel misadvised him as to the extent of his investigation and as to his personal knowledge of the facts of the case; and

3. his attorney provided ineffective assistance of counsel for failing to adequately investigate his case.

**Ground One**

Petitioner claims that the evidence in his case was obtained in a constitutionally offensive manner. Specifically, Petitioner asserts that law enforcement intimidated the victim to implicate

Petitioner and, as a result, Petitioner was forced to enter into a plea agreement with the State.

Initially, Petitioner was not convicted upon illegally obtained evidence. Petitioner did not have a trial, but rather pled guilty to the charges against him. A guilty plea constitutes a break in the chain of events that has preceded it in the criminal process. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). It is well established state and federal law that a guilty plea waives all but jurisdictional claims up to the time of plea. *See Id.* Petitioner is in prison based upon his pleading guilty and not a conviction at trial through the use of illegally obtained evidence. As such, his claim is without merit.

Second, Petitioner's claim that the evidence was unconstitutionally obtained is unexhausted. Before this Court may grant habeas relief to a state prisoner under 28 U.S.C. § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. *See* § 2254(b)(1)(A),(c); *Keinz v. Crosby*, 2006 U.S. App. LEXIS 4448, 2006 WL 408686 (11th Cir. 2006); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan*, 526 U.S. at 842. A § 2254 petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." *Pruitt v. Jones*, 348 F.3d 1355, 1358 (11th Cir. 2003) (citing 28 U.S.C. §2254(c)). In so doing, a state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt,* 348 F.3d at 1358-59 (citing *O'Sullivan*, 526 U.S. at 845). The failure to

properly exhaust state court remedies results in a procedural default of the unexhausted claims. *O'Sullivan*, 526 U.S. at 847.

"If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001)(citing *O'Sullivan*, 526 U.S. at 845-6). Under the first exception, to establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999); *see also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions. See *United States v. Frady*, 456 U.S. 152, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982). In other words, he must show that there is at least a reasonable probability that the outcome of the proceeding would have been different. *See Henderson*, 353 F.3d at 892 (citing *Wright*, 169 F.3d at 703; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002)).

Under the second exception, a federal court may review a procedurally defaulted claim if such review is necessary to correct a fundamental miscarriage of justice. *See Henderson*, 353 F.3d at 892 (citing *Murray*, 477 U.S. at 495-96). "A 'fundamental miscarriage of justice' occurs in an extraordinary case where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.* This exception relates to a petitioner's "actual" rather than "legal" innocence. See *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Murray*, 477 U.S. at 495-96)). "To meet this standard, a

petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." *Panarites v. Crosby*, 2006 U.S. Dist. LEXIS 4202, 2006 WL 196939 at *5 (M.D. Fla., Jan. 24, 2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Moreover, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." *Johnson*, 256 F.3d at 1171 (citing *Calderon*, 523 U.S. at 559 (internal quotation omitted)).

Petitioner raised his claim that the evidence was unconstitutionally obtained in his Rule 3.850 motion (Dkt. 14, Ex. 1, Vol. I at pgs. 6-24). However, Petitioner failed to include the claim on appeal (Dkt. 14, Ex. 2). Petitioner only argued that his plea was involuntary, and that his attorney provided ineffective assistance for failing to adequately investigate his case (Id.). A petitioner must exhaust the claims presented in a federal habeas corpus petition in the state courts before asserting those claims in a Section 2254 petition. 28 U.S.C. § 2254(b)(1); *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). To exhaust a claim, a petitioner must have presented the state court with the particular legal basis for relief in addition to the facts supporting the claim. *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004). A petitioner must present a claim to the state court so that the state court has the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d at 1344 (quoting *Picard v. Connor*, 404 U.S. 270, 277 (1971)). *See also Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its prisoners' federal rights.") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). The prohibition against raising non-exhausted claims in federal court extends to both broad legal theories of relief and a specific factual contention that supports relief. *Kelley v. Sec'y for Dep't of*

*Corr.*, 377 F.3d at 1344.

Petitioner failed to appeal the denial of this "unconstitutionally obtained evidence" claim. Consequently, Petitioner deprived the state courts of a "full and fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. at 845. A federal court cannot grant a habeas petition by a state prisoner unless the petitioner has exhausted his available state court remedies. *Snowden v. Singletary*, 135 F.3d at 735. Petitioner's failure to appeal the state circuit court's denial of this claim renders the claim unexhausted for purposes of federal review. *Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (Florida state remedies are exhausted after appeal to the district court of appeal from denial of a collateral attack upon a conviction).

However, Petitioner cannot challenge the denial of this claim in state court because the claim is procedurally barred. Because Petitioner should have presented his claim to the state appellate court on appeal of the denial of his Rule 3.850 motion, Petitioner's federal claim is procedurally barred from review in the state courts. See Fla. R. Crim. P. 3.850(g).

Petitioner fails to present argument which demonstrates cause and prejudice that would excuse his default.[2] Nor has Petitioner shown that the fundamental miscarriage of justice exception applies. Because Petitioner fails to proffer specific facts showing an exception to

---

[2]To the extent Petitioner attempts in his reply (Dkt. 19) to claim ineffective assistance of counsel as cause for his procedural default, constitutionally ineffective assistance of counsel can constitute cause if that claim is not itself procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Petitioner does not, however, allege or demonstrate that the claim of ineffective assistance of appellate counsel was presented to the state courts as an independent claim, and therefore he may not use the claim to establish cause for the procedural default.

procedural default, *Hill v. Jones*, 81 F.3d 1015 (11th Cir. 1996), Ground One is procedurally barred.

**Ground Two**

In Ground Two, Petitioner claims that his plea of guilty was not knowing and voluntary because his attorney misrepresented to him the extent of the attorney's investigation and knowledge of his case. Specifically, Petitioner asserts that his attorney convinced him that he had thoroughly investigated the facts of his case and had read and reviewed all the depositions and police reports.[3] His attorney then told him that the evidence against Petitioner was overwhelming, that he would not prevail at trial, and that if he did not accept the State's plea offer that he would spend the rest of his life in prison. He asserts that on January 14, 2002, his attorney informed him that the State had made a "take-it or leave-it" offer of 60 months in prison and ten years probation, and that Petitioner only had five minutes to decide whether or not to accept the offer. Petitioner then states that he told his attorney to make a counter offer of no more than five years probation, but his attorney refused to relay the offer to the State, and told Petitioner that he was not prepared to go to trial, would lose at trial, and Petitioner would receive 30 years in prison and be classified as a sexual predator. Based on his attorney's advice, Petitioner reluctantly accepted the State's offer.

Petitioner next alleges that several months after he pled guilty, he discovered that his attorney never reviewed the witnesses' depositions, never reviewed the case file, had not consulted with Petitioner's previous attorney, and that the victim's deposition testimony supported Petitioner's position that he never had a sexual relationship with the victim, and did

---

[3]Petitioner asserts that his previous attorney, Mr. Olney, took the witnesses' depositions.

8

not support the State's allegations against Petitioner. Petitioner argues that had his attorney not misrepresented his investigation and knowledge of the case, and had he known that there was little evidence against him, he would not have accepted the State's offer and instead proceeded to trial.

To satisfy the requirements of due process, a guilty plea must be voluntary, intelligent, and uncoerced. *Boykin v. Alabama*, 395 U.S. 238 (1969); *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citations omitted). Therefore, there is no violation of the Constitution when a guilty plea results from an intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. *McMann v. Richardson*, 397 U.S. 759, 766 (1970).

Petitioner's challenges to the constitutionality of his guilty plea and to the effectiveness of trial counsel were decided against him by the state courts. Accordingly, the Court reviews these claims in accordance with the directives contained in 28 U.S.C. § 2254(d)(1) and (2).

The state circuit court determined that Petitioner's challenge to the constitutionality of his guilty plea lacked merit. The state circuit court found that Petitioner failed to prove that any misrepresentation or inducement occurred with regard to his claim that his plea was unlawfully induced by trial counsel's misrepresentations concerning the extent of his investigation or knowledge of the facts of the case (Dkt. 14, Ex. 1, Vol. III at pgs. 485-87). Petitioner's attorney, Mr. Anderson, testified at the evidentiary hearing that he never told Petitioner or Petitioner's parents that he had read the victim's deposition (Dkt. 14, Ex. 1, Vol. III at pgs. 459-480). He

9

further testified that the victim had originally gave a sworn statement that she and Petitioner did have a sexual relationship, then during her deposition she denied that they had a sexual relationship (Id.). However, prior to the time Petitioner accepted the State's plea offer, Mr. Anderson made Petitioner aware that the victim had again stated that she and Petitioner did have a sexual relationship, and that was going to be her testimony at trial (Id. at pgs. 465-67). Petitioner admitted that prior to accepting the State's plea offer, Mr. Anderson informed him that the victim was going to admit to the sexual relations at trial, and that information, along with the possibility that he was going to lose the trial, prompted him to change his plea (Id. at pgs. 440-41). Mr. Anderson also testified that he was concerned about taped conversations Petitioner had with the victim, and evidence that Petitioner had previously committed the same kind of conduct (Id. at pgs. 469-70). Moreover, there were two witnesses, two of Petitioner's former students, who were expected to testify that Petitioner had admitted to having a sexual relationship with the victim (Id., Vol. II at pgs. 323-373). Mr. Anderson believed that based on the evidence, it was in Petitioner's best interest to accept the State's offer instead of proceeding to trial and risking a sentence of 30 years (Id., Vol. III at pgs. 469-70). The appellate court per curiam affirmed the circuit court's denial of Petitioner's Rule 3.850 motion (Dkt. 14, Ex. 5). Based on the record, the state circuit court did not abuse its discretion by finding that Petitioner's claim of an induced and involuntary guilty plea was without merit.

The state courts did not decide Petitioner's "case differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts." *Williams*, 529 U.S. at 412. Thus, this court will decide whether the state court's rejection of Petitioner's claim challenging the constitutionality of his guilty plea "resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

As previously noted, the clearly established federal law on this issue, as determined by the Supreme Court, is set forth in *Boykin, supra*. "In order for a guilty plea to be entered knowingly and intelligently, the defendant… must be reasonably informed of the nature of the charges against him, the factual basis underlying those charges, and the legal options and alternatives that are available." *See Boykin v. Alabama*, 395 U.S. 238 (1969); *Gaddy v. Linahan*, 780 F.2d 935 (11th Cir.1986). "[T]he representations of the defendant, his lawyer, and the prosecutor at [the] plea hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Petitioner's plea was entered pursuant to a plea agreement. (Dkt. 14, Ex. 1, Vol. II at pgs. 321-22). During the evidentiary hearing on Petitioner's Rule 3.850 postconviction motion, Petitioner admitted that at the time he changed his plea the trial judge asked him a number of questions regarding his plea, and Petitioner informed the judge that he had received enough time to talk about his plea, and that he was satisfied with his attorney's representation (Dkt. 14, Ex. 1, Vol. III at pgs. 433-34). Although Petitioner claimed that he had lied to the court when he changed his plea, and that his attorney coerced him into telling the court that he had enough time to discuss the State's offer and was satisfied with his attorney's representation (Id. at pgs. 433-35), Mr. Anderson testified that he never instructed Petitioner on how he should answer the court's questions during the plea colloquy (Id. at pgs. 470-71).

Upon an independent review of the record, this Court concludes that the state courts'

determination that Petitioner failed to prove that any misrepresentations or inducement occurred and that Petitioner knowingly, voluntarily and intelligently entered his guilty plea is consistent with *Boykin* and is, therefore, neither "contrary to" nor an "unreasonable application" of clearly established federal law as determined by the Supreme Court of the United States. *Williams v. Taylor, supra*. Moreover, the state court properly adjudicated this claim based on a reasonable determination of the facts in light of the evidence presented by the parties. See 28 U.S.C. § 2254(d)(2). Accordingly, Petitioner is not entitled to relief pursuant to Ground Two of his petition.

**Ground Three**

Petitioner's final claim is that his trial attorney, Mr. Anderson, rendered ineffective assistance of counsel for failing to adequately investigate his case. Specifically, Petitioner essentially asserts that his attorney never read the victim's deposition in which the victim denied that she had a sexual relationship with Petitioner, and that his attorney never uncovered police and prosecutorial misconduct.

First, Petitioner's voluntary and knowing plea waived his non-jurisdictional claims up through the time of the plea, including claims of ineffectiveness of counsel, unless they relate to whether the plea was knowing and voluntary. *See Jennings v. Crosby*, 2006 U.S. Dist. LEXIS 58476, 2006 WL 2425522, at *7 (M.D.Fla., August 21, 2006) (quoting *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.2000)); *see also Wilson v. United States*, 962 F.2d 996 (11th Cir.1992); *United States v. Broce*, 488 U.S. 563 (1989). The alleged ineffective assistance in this claim occurred prior to the time Petitioner changed his plea. Therefore, this ground was waived.

Second, even if the ground hadn't been waived by the guilty plea, the claim would still fail. Even though Mr. Anderson did not read the victim's deposition before Petitioner entered his

plea because it had not yet been transcribed at that time, Mr. Anderson spoke to Mr. Olney, Petitioner's previous attorney, regarding the victim's testimony, and Mr. Anderson was clearly aware that during the victim's deposition she denied a sexual relationship with Petitioner (Dkt. 14, Ex. 1, Vol. III at pgs. 461-466). Nonetheless, Mr. Anderson was aware that prior to the deposition, the victim gave a sworn statement that she had a sexual relationship with Petitioner, and that following the deposition the victim again claimed, and was prepared to testify that she had a sexual relationship with Petitioner (Id.).[4] Moreover, Mr. Anderson was concerned about other evidence including taped telephone conversations between Petitioner and the victim, and evidence that Petitioner had previously committed similar acts (Id. at pgs. 462-480). Likewise, there were depositions of other students who were expected to testify that Petitioner admitted the sexual relationship (Dkt. 14, Ex. 1, Vol. II at 323-374).

The state judge considered Petitioner's claim and found that "I don't think there has been any showing that the extent of the investigation or the personal knowledge of the facts which was part of the hearing has been shown to be substandard or lacking." (Dkt. 14, Ex. 1, Vol. III at 485). Accordingly, counsel was not deficient. Since the record shows that the state court properly applied *Strickland*, this ground fails.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

---

[4]The Court notes that the victim and her parents filed a civil lawsuit against the Florida Department of Education ("DOE") in which they claimed that the DOE negligently reissued Petitioner's teaching certificate, resulting in Petitioner sexually taking advantage of the victim (Dkt. 14, Ex. 7); *see also Ingram v. Wylie*, 875 So. 2d 680 (Fla. 1st DCA 2004). The victim's complaint included allegations that Petitioner had a sexual relationship with the victim, impregnated another minor student in 1988, and that the DOE had received a report that Petitioner allegedly had a romantic relationship with another minor female student (Id.).

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on _JANUARY 30th_, 2009.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Petitioner *pro se*
Counsel of Record